UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

**FILED**
JUL 28 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

CURTIS PENDEGRAFT
Plaintiff(s)

vs.

KREKE, et al.,

Defendant(s)

Case Number: 15-816-SMY

## MOTION FOR RECRUITMENT OF COUNSEL

**NOTE: Failure to complete all items in this form may result in the denial of this motion.**

1. I, CURTIS PENDEGRAFT , am the (check appropriate box) [X] plaintiff [ ] defendant in this case, I am unable to afford the services of an attorney, and I ask the Court to recruit counsel to represent me in this case. I understand that the Court will attempt to recruit counsel to represent me only if certain criteria are met.

2. I have tried to find an attorney to take my case by doing the following: **(Describe in detail everything you have done to try to get an attorney to take your case so the judge can determine whether you have made a reasonable effort to obtain representation and attach copies of any documents which show you have tried to find an attorney – use additional pages if necessary.)** I HAVE TRIED BY MAIL AND PHONE AND FAMILY TO OBTAIN ATTORNEY TO NO AVAIL.

   In spite of my efforts, I have been unable to find an attorney, because: I AM INCARCERATED MY FAMILY AND I HAVE NO FUNDS TO OBTAIN COUNSEL IN THIS MATTER.

3. Check the appropriate box:
   [X] I am not now, and previously have not been, represented by an attorney recruited or appointed by the Court in this or any other civil or criminal case before this Court.
   [ ] I am now, or previously have been, represented by an attorney recruited or appointed by the Court in the case(s) described on the next page.

4. Check the appropriate box:
   - [X] I have attached to this motion an original Application for Leave to Proceed *In Forma Pauperis* detailing my financial status.
   - [ ] I previously filed an Application for Leave to Proceed *In Forma Pauperis* in this case, and it is a true and correct representation of my current financial status.
   - [ ] I previously filed an Application for Leave to Proceed *In Forma Pauperis* in this case, but my financial status has changed. I have attached an Amended Application to Proceed *In Forma Pauperis* showing my current financial status.

5. The highest level of education I have completed is (check appropriate box):
   - [ ] Grade school only
   - [X] Some high school
   - [ ] High school graduate
   - [ ] Some college
   - [ ] College graduate
   - [ ] Post-graduate

6. I believe that I am not able to represent myself, because
   - [ ] English is not my primary language (**check only if applicable**); and/or
   - [ ] I cannot speak, write, and/or read English very well because (**check only if applicable and explain**):
   - [X] Other (**please explain**): LIMITED ACCESS TO THE LAW LIBRARY AND KNOW__ LEDGE OF CIVIL LAW.

7. Finally, I state that I am taking the following medications (list all medications or attach a list on a separate sheet): ANTIBIOTICS AND HIGH BLOOD PRESSURE

8. As indicated in paragraph three on the first page of this motion, an attorney has represented me in the following cases before this Court (attach additional pages, if necessary): N/A

| Assigned Judge: _____ | Case Number: _____ |
| Case Title: _____ ||
| Attorney Name: _____ ||
| If this case is still pending, please check box [ ] ||

| Assigned Judge: _____ | Case Number: _____ |
| Case Title: _____ ||
| Attorney Name: _____ ||
| If this case is still pending, please check box [ ] ||

I declare under penalty of perjury that the foregoing is true and correct.

_Amir Purdfa_
Movant's Signature

7-17-15
Date

6695 State Rt 146 East
Street Address

Vienna, IL. 62995
City, State, Zip

In deciding whether to appoint counsel for an indigent litigant, the Court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991)(citation omitted).

In addition, Courts have suggested that the most important factor is whether the case has merit. Carmon v U.S. Bureau of Prisons, 243 F.3d 629, 632, (2d Cir. 2001) Each of these factors weighs in favor of counsel in this case.

1. Factual Complexity. The plaintiff's claims involves the denial of medical care: It will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Montgomery v. Pinchak, 294 F.3d 492, 503-04 (3d Cir. 2002); Moore V Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v County of McLean. 953 F.2d 1070, 1073 (7th Cir. 1992)

2. The plaintiff's Ability to Investigate. The plaintiff is Incarcerated At Vienna Correctional Institution. And has no Ability to Investigate Facts. For example, he is unable to Identify, Locate and Interview the County detainess that were house In his cell. And witnessed All Incidents He Is In the same Situation With Regard to developing facts As a Inmate who has been Transfered to A differnt Insitution A Factor that Several Courts have Cited In Appointing Counsel. Tucker V. Randall 948 F.2d 288, 391-392 (7th Cir 1991); Gaston V Coughlin, 679, F.Supp 270, 273 (W.D.N.Y 1988) In Addition this Case will Require Considerable discovery concerning the Identity of witnesses, the officers Reports, And Statements, And All plaintiff's medical History SEE pharman V Johnson 126 F.3d 454, 459, (3d Cir 1997) (holding Counsel Should have been Appointed because "prisoners Lack of Legal Experience And the Complex discovery rules Clearly put him At A disavantage In Countering the defendents discovery tactics... these [discovery] rules prevented (the plaintiff) from presenting An Effective case}

3. Conflicting Testimony. The plaintiff's account of his medical treatment is squarely in conflict with the statements of the officers. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmate witnesses as can be located) The existence of these credibility issues supports the appointment of counsel. Steele v Shah 87 F3d 1266-1271 (11th Cir. 1996) Gaston v Coughlin 679 F Supp at 273.

4. The ability of the indigent to present his claim. The plaintiff is and indigent prisoner with no legal training, a factor that supports counsel Forbes v Edgar, 112 F.3d 262, 264 (7th Cir. 1997) In addition he has very limited access to legal materials (Rayes v Johnson, 969 F.2d 700, 703-04 8th Cir. 1992 (citing lack for ready access to a law library as a factor supporting appointment of counsel.

5. Legal Complexity. The large number of defendants, some of whom or supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the Constitution violations to be held liable.

Hendricks v Coughlin, 114, F3d 390, 394 (2d cir 1997) (Holding Complexity of Supervisory Liability Supported Appointment of Counsel.) In addition, the plaintiff has asked for a Jury trial which requires much greater legal skills than the plaintiff has or can develop. Solis v. County of Los Angeles, 514 F3d 946, 958 9th cir 2008) prisoner with little education and no legal training is "ill-suited" to conduct a Jury trial)

6. Merit of the case. The plaintiff's allegations, if proved, clearly states an Eighth Amendment Violation. The serious medical condition alleged in the complaint. The allegation of denial of medical care amount to Interfering with the treatment once prescribed which the Supreme Court has specifically cite an example of unconstitional deliberate Indifference to prisoner's medical needs. Estelle v Gamble, 429 US 97, 105, 97 S.Ct 285 (1976) the unjustified denial of witnesses, conviction of a disciplinary offense with no supporting evidence and the failure to give meaningful statement of reasons for the decisions are all violations of clearly established due process principles. See. Ponte v Real 471 U.S. 491, 497, 105 S.Ct. 2192 1985

SuperIntendent V Hill, 472 US 445, 457, 105. S.Ct. 2768 (1985); Wolf V McDonnell. 418 U.S. 539, 559, 94 S.Ct. 2963 (1974) on its face, then, this IS A meritorious CASE.

For the Foregoing REASONS, the Court should grant the plaintiff's motion And APPOINT Counsel In this CASE.

7-24-15

Curtis Pendergaft

IN THE
In the United States District Court
For the Southern District of Illinois

Pendegraft )
Plaintiff/Petitioner )
)
Vs. ) No. _____
)
KREKE ET AL., )
Defendant/Respondent )

## PROOF/CERTIFICATE OF SERVICE

TO: Office of the Clerk
750 Missouri Ave
East St. Louis Illinois
62201

TO: _____

PLEASE TAKE NOTICE that on 17 of July, 20 15, I placed the attached or enclosed documents in the institutional mail at Vienna Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service

DATED: 7-17-15

/s/ Curtis Pendegraft
Name: Curtis Pendegraft
IDOC#: B28676
Address: 6695 State Rt 146 E
Vienna IL
62995

OFFICIAL SEAL
KARIN JOY PANNIER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 11/14/17

Subscribed and sworn to before me this 17th day of July, 20 15.

Karin Joy Pannier
Notary Public