IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CURTIS PENDEGRAFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-816-NJR-DGW |
| | ) | |
| ALBERTO BUTILAID, ARNOLD, M. | ) | |
| ETTER, LUKE BRANDENMEYER, TOLLIE, | ) | |
| MICHELLE NORDIKE, FAULKNER, | ) | |
| PENNY GEORGE, MURPHY, BRANDY | ) | |
| BEASLY, JOHN DOE, CECIL POLLEY, and | ) | |
| JEAN CAMPANELLA, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Brandi Beasley (Doc. 80), and filed by Defendants Jeanne Campenella, Penny George, Kevin Murphy, and Cecil Polley (Doc. 82) be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### INTRODUCTION

Plaintiff filed a Complaint on July 28, 2015 alleging that he was not given adequate medical treatment related to Hepatitis C and infection-related medical conditions while he was housed at the Clinton County Jail (from April 8, 2014 to August, 2014 and in January 2015), the

Graham Correctional Center (from January 2015 to February 17, 2015), and the Vienna Correctional Center ("Vienna CC") (from February 17, 2015 to the June 6, 2016). Plaintiff claims that each of Defendants wholly failed or failed to adequately treat a bone infection that cause painful drainage from his hip, pain that increased as time went on. They also failed to provide necessary bandages, to comply with courses of treatment, and to adequately treat his Hepatitis C infection.

Plaintiff has been permitted to proceed on two counts:

**COUNT 1:** Kreke, Butilaid, Arnold, Etter, Brandenmeyer, Tollie, Nordike, Ruff, Subani, Shumacker, Faulkner, George, Murphy, Beasly, and Doe were indifferent to Pendegraft's needs, in violation of the Eighth Amendment.

**COUNT 2:** Tollie placed Pendegraft in segregation at the Clinton County Jail for complaining about his need for care, in violation of the First Amendment.

In a Motion to substitute Party (Doc. 95), Plaintiff has identified the John Doe party as Dr. Francis Kayira (who treated Plaintiff at the Graham Correctional Center). Plaintiff also sought until June 15, 2016 to file a motion to amend (Doc. 96). Plaintiff has been granted until July 6, 2016 to file a motion to amend (Doc. 104).

The moving Defendants were employed at the Vienna CC during the relevant time period.

FINDINGS OF FACT

In his Complaint, Plaintiff claims that Kevin Murphy did not give him necessary bandages[1] on February 15, 2015, that Beasley did not give him bandages on "Feb 30 on or around," and that George did not respond to a request for bandages on that (non) date. (Doc. 1, p. 15). The Court assumes that Plaintiff means to complain of events that occurred at the end of

---

[1] Plaintiff alleges that various medical personnel told him that he must keep the open sore or hole on his hip covered at all times in order to prevent the spread of Hepatitis C and to capture any fluid that might leak.

February, 2015.  As to the remaining Defendants who moved for summary judgment, Defendant Polley, the Warden of Graham, was added to this suit to aid in the identification of the John Doe Defendant and Defendant Campanella, the warden of Vienna CC, was added solely to carry out any injunctive relief that may be ordered.[2]

On March 7, 2015, Plaintiff filled out a grievance which he marked as an emergency.  It states that on that same day, Plaintiff asked for a "Band Aid" when he was in the "med-line" but that it was refused, for a second time (Doc. 81-1, p. 1-21).[3]  The Warden responded on March 12, 2105 and indicated that the matter was not an emergency (*Id*.).  A counselor then responded to the merits of the grievance on March 16, 2015.  Plaintiff mailed the grievance to the Administrative Review Board (ARB), which received it on August 3, 2015 (Doc. 81-2, p. 1), after Plaintiff filed his Complaint on July 28, 2015.

The ARB received other grievances from Plaintiff, related to medical care received at Vienna CC, in August and September, 2015 (Doc. 83-1, p. 4).  These grievances were responded to in August and September, 2015 (Doc. 83-2, p. 1).

Plaintiff has provided an affidavit (Doc. 90-1) in which he states that he filed the March 7, 2015 grievance as an emergency and then sent it to his counselor.  He states that he attempted to send the grievance to the grievance officer, after receiving the counselor's response, by placing it in the grievance box and by institutional mail, but it was returned with no answer.  Plaintiff also indicates that he submitted an emergency grievance on June 3, 2015, but does not state how that grievance was submitted and to whom (*Id.* p. 3).  That grievance, which is provided by Defendants, states that Plaintiff wants treatment for Hepatitis C (while it mentions

---

[2] Plaintiff currently is housed at the East Moline Correctional Center.

[3] Plaintiff provided a copy of this grievance along with his complaint; however, the Warden's response is not included in Plaintiff's copy (Doc. 1-1, p. 28-29).

"band-aids," there is no claim that he is not getting them) (Doc. 83-2, p. 17).   All other grievances were dated after Plaintiff filed his Complaint in this Court.

At the hearing, Plaintiff confirmed that only the March 7, 2015 and June 3, 2015 grievances were relevant to the Motions.   Plaintiff stated that after he received the March 7 grievance back from his counselor, around May 29, 2015, he sent to the Grievance Officer through the grievance box.   It was returned to him in 4 or 5 days with no response from the Grievance officer.   He submitted it two more times and received the grievance back within 4 to 5 days, again with no response from the Grievance officer.   Plaintiff indicated that the same thing happened with the June 3, 2015 grievance.   The Court finds Plaintiff credible in his testimony based on his demeanor and finds that Plaintiff properly submitted the March 7 and June 3 grievances but that he did not receive a response from the Grievance Officer.[4]

CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005).   The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party.   *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).   *See also Lawrence v.*

---

[4] At the hearing, Defendant Butilaid orally moved to join in the Motions for Summary Judgment. This Court took the Motion under advisement.   This Court now **RECOMMENDS** that the Motion be **DENIED** because this Defendant, even though no answer has yet been filed, did not seek summary judgment on the issue of exhaustion or seek to join the motions in a timely manner.

*Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).  A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*  The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).  *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983).  Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).  The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the

statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.  In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies.  *Id.* 544 F.3d at 742.  If a Plaintiff has exhausted his remedies, the case will proceed on the merits.  If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor.  ILL. ADMIN. CODE TIT. 20, § 504.810(a).  If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance.  *Id*. §504.810(b).  The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance.  *Id.* §504.830(d).  The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d).  An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision.  *Id.*, § 504.850(a).  *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).  An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO.  If the CAO determines that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become

"unavailable" when prison officials fail to respond to inmate grievances.  *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).  The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue."  *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009).  If further remedies are unavailable to the prisoner, he is deemed to have exhausted.  *Id.*  Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions.  *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)).  An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance.  *See Kaba*, 458 F.3d at 684.

The June 3, 2015 grievance is unrelated to the claims made against the moving Defendants.  In that grievance, Plaintiff complains of his Hepatitis C treatment and that he wants treatment other than "band-aids" to cover the spot on his hip that is draining.  Plaintiff does not name or identify any Defendant and does not otherwise refer to not getting the bandages that he requires.  As such, this grievance is irrelevant to these proceedings.

The March 7, 2015 grievance, however, is relevant.  Defendants' sole argument is that Plaintiff failed to appeal this grievance, in a timely manner, to the ARB.  There is no argument as to the content, timeliness, or any other aspect of the grievance.   While the grievance itself discusses a date (March 7, 2015) that is different from the Complaint (February 30, 2015 (a non-date)) and it only concerns two individuals who are neither named or described, the Court will only address the argument made, namely, that Plaintiff did not timely appeal to the ARB.  The Court finds Plaintiff credible in his assertion that he submitted the March 7, 2015 grievance to the Grievance Officer on three occasions after he received a response from his counselor on May

29, 2015.  The grievances were returned to him within 4 to 5 days of submission with no response from the grievance officer.  While Plaintiff then, at the end of July, 2015, submitted the grievances to the ARB for review, such an action was unnecessary.  When the grievance officer failed to respond to a properly submitted grievance, Plaintiff was not required to appeal the grievance to the ARB.  The process became unavailable and Plaintiff is deemed to have exhausted.[5]

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Brandi Beasley (Doc. 80) and by Defendants Jeanne Campenella, Penny George, Kevin Murphy, and Cecil Polley (Doc. 82) be **DENIED**, that the Oral Motion to Join submitted by Defendant Butilaid be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The

---

[5] At the hearing, the Court questioned Defendants about the seeming inconsistency between the instructions provided in the grievance form and the instructions provided in the Administrative Code.  In the Emergency Review section of the grievance, if the emergency is deemed to not be an emergency, it instructs an inmate to "submit this grievance in the normal manner."  Defendants could not identify any document or authority, other than practice, that would identify what the normal manner entails.  The Illinois Administrative Code, however, states: "If, after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision." 20 ILL. ADMIN CODE § 504.850(a).  Defendants indicate that Plaintiff could do either depending on the answer that he received.  It appears to the Court, however, that an inmate may be confused as to the proper procedure – if an emergency grievance is deemed to not be an emergency, should he follow the instructions on the grievance form or the Administrative Code?  This curious question, however, is not relevant to the current proceedings because Plaintiff did, in fact, attempt to grieve his concerns through his counselor, i.e. in the "normal manner."

failure to file a timely objection may result in the waiver of the right to challenge this Report and

Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380

F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir.

2003).

**DATED: June 23, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**