## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CURTIS PENDEGRAFT,                    )
                                   )
           Plaintiff,        )
                                   )
vs.                                   )        Case No. 15-CV-816-NJR-DGW
                                   )
DR. ALBERTO BUTALID,                  )
MIKE ARNOLD, MARK ETTER,              )
LUKE BRANDMEYER, KYLE THOLE,          )
MICHELLE NORDIKE,                     )
JAYCE FAULKNER, PENNY GEORGE,         )
KEVIN MURPHY, BRANDI BEASLEY,         )
CECIL POLLEY,                         )
JEANNE CAMPANELLA, and                )
DR. FRANCIS KAYIRA,                   )
                                   )
          Defendants.        )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 105), which recommends denying the Motions for Summary Judgment on the issue of exhaustion filed by Defendants Brandi Beasley, Jeanne Campanella, Cecil Polley, Penny George, Kevin Murphy, and Dr. Alberto Butalid (Docs. 80, 82). Only Defendant Beasley filed an objection to the Report and Recommendation (Doc. 105). For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation and denies the motions for summary judgment.

### BACKGROUND

Plaintiff Curtis Pendegraft, an inmate currently incarcerated at the East Moline

Correctional Center filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 on July 28, 2015, alleging that he received inadequate medical care in violation of the Eighth Amendment while he was incarcerated at the Clinton County Jail, Graham Correctional Center, and Vienna Correctional Center (Doc. 1). Following a threshold review of the complaint under 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on a claim of deliberate indifference against Defendants Michelle Nordike, Mike Arnold, Kyle Thole, Dr. Alberto Butalid, Jacey Faulkner, Mark Etter, Luke Brandmeyer, Penny George, Kevin Murphy, Brandi Beasley, and a John Doe who was later identified as Dr. Francis Kayira (Doc. 11). He also was permitted to proceed on a First Amendment claim of retaliation against Kyle Thole (Doc. 11; Doc. 95; Doc. 104). The warden at Graham, Cecil Polley, was named as a defendant in his official capacity for the sole purpose of assisting with the identification of the John Doe defendant (Doc. 11). The warden at Vienna, Jeanne Campanella, was named as a defendant in her official capacity only for the purpose of injunctive relief (Doc. 11).

In January 2016, Defendant Brandi Beasley filed a motion for summary judgment arguing Plaintiff failed to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act (Doc. 80). A couple weeks later, Defendants Jeanne Campanella, Cecil Polley, Penny George, and Kevin Murphy also moved for summary judgment on the issue of exhaustion (Doc. 82). In accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on June 21, 2016 (Doc. 110). At the hearing, Defendant Alberto Butalid orally moved to join in the Motions for Summary

Judgment. Two days after the hearing, Magistrate Judge Wilkerson issued the Report and Recommendation that is currently before the Court (Doc. 105). He recommended denying summary judgment for all of the moving defendants (Doc. 105). Defendant Beasley is the only defendant who filed an objection to the Report and Recommendation (Doc. 108). Plaintiff did not file a response to Beasley's objection.

<u>THE REPORT AND RECOMMENDATION & DEFENDANT BEASLEY'S OBJECTION</u>

Magistrate Judge Wilkerson found that there were only two potentially relevant grievances: one dated March 7, 2015, and one dated June 3, 2015 (Doc. 105). He concluded that the March grievance was, in fact, related to Plaintiff's claims against the moving defendants, but the June grievance was completely unrelated (Doc. 105, p. 7). Magistrate Judge Wilkerson found that the March grievance was marked as an emergency, and the warden determined that it was not, in fact, an emergency on March 13 (Doc. 105, p. 3; Doc. 81-1, pp. 1–2). A counselor then responded to the merits of the grievance on May 29, 2015 (Doc. 81-1, p. 1). Plaintiff testified that he attempted to submit the grievance to the grievance officer three different times, but each time it was returned to him with no response (Doc. 105, p. 4). Plaintiff then submitted the grievance to the Administrative Review Board ("ARB"), who received it on August 3, 2015, six days after Plaintiff filed this lawsuit (Doc. 105, p. 4; Doc. 81-2, p. 1).

Defendants' sole argument with respect to the March grievance was that Plaintiff failed to appeal to the ARB in a timely manner (Doc. 105, p. 7). Consequently, that is the only aspect of the March grievance that Magistrate Judge Wilkerson addressed (*Id.*). Magistrate Judge Wilkerson found Plaintiff credible in his assertions that he submitted

the March grievance to the grievance officer on three occasions after he received a response from his counselor, but it was returned each time without a response (*Id.* at pp. 7–8). Based on this finding, Magistrate Judge Wilkerson concluded that the grievance officer's failure to respond rendered the grievance process unavailable to Plaintiff, and therefore Plaintiff is deemed to have exhausted (*Id.* at p. 8). Consequently, Magistrate Judge Wilkerson recommended denying the motions for summary judgment for all of the moving defendants (*Id.*).

Defendant Beasley objects to Magistrate Judge Wilkerson's conclusion that the grievance process was rendered unavailable to Plaintiff when the grievance officer failed to respond to the grievance (Doc. 108). According to Beasley, "this determination directly contradicts well-established precedent of the Seventh Circuit that an inmate who receives a decision from the CAO that his grievance is not an emergency need not re-submit the grievance through the normal channels, and may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision." (Doc. 108, p. 4).

## DISCUSSION

Because timely objections were filed, the undersigned must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of

the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788.

Based on Defendant Beasley's objection, the Court must decide whether Plaintiff irretrievably screwed up his attempt to exhaust the March grievance by resubmitting it through the normal grievance process, instead of appealing directly to the ARB, after the warden determined the grievance was not an emergency.

As an inmate confined in the Illinois Department of Corrections, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code ("the Code") to properly exhaust his claims. Pertinent to this case is the regulation regarding emergency procedures. ILL. ADMIN. CODE, tit. 20, § 504.840. Under § 504.840, a prisoner can request a grievance be handled on an emergency basis by forwarding the grievance directly to the warden. *Id.* The warden then reviews the grievance to determine if it is truly an emergency. *See Id.* If the warden determines there is "a substantial risk of imminent personal injury or other serious or irreparable harm," the warden "shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken." *Id.* On the other hand, if the warden determines that the grievance is not based on an emergency, the regulation does not indicate how things are supposed to proceed. *See id. A*nother regulation provides, however, that if, after receiving the response of the warden, the inmate still feels that his

grievance is unresolved, the inmate can the inmate may appeal to the ARB within thirty days of receiving the warden's response. ILL. ADMIN. CODE, tit. 20, § 504.850(a), (g).

Based on the regulations, the only thing Plaintiff had to do after the warden determined that Plaintiff's grievance was not an emergency was appeal to the ARB within thirty days. But the warden confused the situation by instructing Plaintiff to resubmit the grievance "in the normal manner" (Doc. 81-1, p. 2), even though it is well-established that Plaintiff had no obligation to do so. *See, e.g., Thorton v. Snyder,* 428 F.3d 690 (7th Cir. 2005); *Glick v. Walker,* 385 F. App'x 579 (7th Cir. 2010). Plaintiff chose to follow the warden's instructions, and amusingly, Defendant Beasley now seeks to penalize him for it.

While Plaintiff was undoubtedly not required to resubmit his grievance through the normal process, Defendant Beasley does not cite to any case law that holds it was wholly improper for him to do so. And the Court has no reason to believe that Plaintiff was forbidden by the Illinois Administrative Code from choosing this route. It seems to the Court that this choice simply obligated Plaintiff to follow the procedures for the non-emergency grievance process and to file his grievances and appeals in the time, place, and manner required by the regulations.

Plaintiff did follow those procedures. He submitted his grievance to his counselor, who received it on March 16, 2015, and responded on May 29, 2015 (Doc. 81-1, p. 2). After Plaintiff received his counselor's response, he repeatedly attempted to submit the grievance to the warden. But each time he submitted it, the grievance was returned to him without a response. Because the warden failed to respond to the

grievance, Plaintiff's administrative remedies became "unavailable," and he is therefore deemed to have exhausted. *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

Accordingly, Defendant Beasley's objection is overruled. The Court adopts the Report and Recommendation and denies the motions for summary judgment on the issue of exhaustion as to Defendants Brandi Beasley, Jeanne Campanella, Cecil Polley, Penny George, Kevin Murphy, and Alberto Butalid.

That being said, the Court believes that Defendants Polley and Campanella can be dismissed from this action for other reasons. Cecil Polley, the warden of Graham Correctional Center, was named as a defendant for the sole purpose of identifying the John Doe Defendant (Doc. 11). That individual has been identified as Dr. Francis Kayira (Doc. 95). Because Polley has accomplished his task, and Plaintiff has no other claims pending against him, Polley can now be dismissed from this action.

As for Jeanne Campanella, the warden of Vienna Correctional Center, she was named as a defendant in this action for the purpose of carrying out any injunctive relief that may be granted to Plaintiff (Doc. 11). A portion of Plaintiff's claims related to the medical care he received at Vienna, which is where he was incarcerated at the time he filed his complaint. Plaintiff is no longer housed at Vienna, however. He is currently housed at the East Moline Correctional Center. Thus, Plaintiff no longer has any need for injunctive relief related to Vienna, and Jeanne Campanella should be dismissed from this action.

<u>CONCLUSION</u>

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 105) and **DENIES** the motions for summary judgment on the issue of exhaustion of administrative remedies (Docs. 80, 82).

For the reasons set forth above, Defendants Cecil Polley and Jeanne Campanella are **DISMISSED with prejudice** from this action.

**IT IS SO ORDERED.**

**DATED:   September 26, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**