IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CURTIS PENDEGRAFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-816-NJR-DGW |
| | ) | |
| ALBERTO BUTILAID, MIKE ARNOLD, | ) | |
| MARK ETTER, LUKE BRANDMEYER, | ) | |
| KYLE THOLE, MICHELLE NORDIKE, | ) | |
| JACEY FAULKNER, PENNY GEORGE, | ) | |
| KEVIN MURPHY, BRANDI BEASLEY, and | ) | |
| DR. FRANCIS KAYIRA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now pending before the Court are the Motion for Leave to File Amended Complaint filed by Plaintiff on January 23, 2017 (Doc. 134), the Motion for Extension of Time to Complete Discovery filed by Plaintiff on February 15, 2017 (Doc. 140), and the Motion for Extension of Time to File Dispositive Motions filed by certain Defendants on March 7, 2017 (Doc. 143).

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given when justice so requires but may be denied if there is undue delay, futility, or prejudice. *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357-358 (7th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to

relief above the speculative level." *Id.* at 555.  In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court emphasized two underlying principles in *Twombly*: first, that legal conclusions stated in a complaint are not entitled to the assumption of truth reserved to factual allegations, and second, a complaint must state a plausible claim for relief.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

The deadline for seeking leave to amend was April 15, 2016 (Doc. 79).  That deadline was subsequently extended to July 6, 2016 (Doc. 104).  Plaintiff did not seek any additional time until the present motion to amend (Doc. 134).  Plaintiff has offered no excusable neglect or good cause for seeking an extension of the deadline.  *See* Fed.R.Civ.P. 6(b)(1)(B) and 16(b)(4).  The proposed amended pleading is in an unusual format that is not consistent with Federal Rule of Civil Procedure 8:  Plaintiff sets forth a chronological statement of facts but does not provide a list of Defendants, fails to make a statement of the grounds for the Court's jurisdiction, does not include a statement that Plaintiff is entitled to relief, includes the names of potential Defendants but asserts no claim against them, and does not make any demand for any particular relief.  Such a pleading is wholly deficient.  The untimeliness of the motion and the insufficiency of the proposed pleading are sufficient grounds to deny the motion.

Plaintiff has had ample opportunity to seek leave in order to add more Defendants and/or claims and permitting an amendment at this late stage of the proceedings would be prejudical.  Granting leave to amend would require the reopening of discovery, which closed on February 17, 2017, because Plaintiff seeks to add additional Defendants and additional claims against the current Defendants.  Defendants will be prejudiced because they will be required to go through

the expense of re-deposing Plaintiff and undergoing additional rounds of written discovery and depositions. Granting leave to amend would also unnecessarily delay resolution of this matter (at least one set of Defendants has filed a motion for summary judgment). Plaintiff's motion to amend is accordingly **DENIED** (Doc. 134).

Plaintiff further seeks a two month extension of time to request documents from Defendants that were discussed at Plaintiff's February 3, 2017 deposition. The Motion is **GRANTED IN PART** (Doc. 140). Defendants shall produce to Plaintiff forthwith and no later than March 14, 2017 the documents that were discussed or identified at Plaintiff's February 3, 2017 deposition that have not already been served. Plaintiff shall have until **April 24, 2017** to propound any additional discovery (keeping in mind that Defendants shall have a full 30 days to respond). Plaintiff is reminded that his response to the pending motion for summary judgment (Doc. 141) is due by April 3, 2017. Finally, Defendants' Motion is **GRANTED**. The dispositive motion filing deadline is extended to **March 23, 2017**.

**DATED: March 8, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**